## THE BRIDGEPORT SCREW CO.
### vs.
## CITY OF BRIDGEPORT

Superior Court      Fairfield County      File #50433

125 Conn. 593      MEMORANDUM FILED DECEMBER 6, 1938.

Albert J. Merritt, of Bridgeport, for the Plaintiff.

David Goldstein, of Bridgeport, for the Defendant.

QUINLAN, J. As Judge O'Sullivan well said in his memorandum on the demurrer, the law in these tax cases seems to be fixed by the facts of each case.

In this case the taxes were paid voluntarily. That an error was made in the description by the assessors there can be no

question, but a similar error, predicated on tax lists prepared by the taxpayer, for 1926-1927, brought no complaint from the taxpayer. Notwithstanding the plaintiff had been having the same difficulty in meeting its taxes for a period of several years during the depression, experienced by many taxpayers, no effort was made to check the amount of the tax. Based on its conduct toward the lists prepared by it, as well as upon its attitude during the period that tax payments were delinquent, it may be assumed that the assessment did not startle the plaintiff.

If error followed the work based upon the tax map only, the plaintiff might be in a position to now complain. Having accepted the assessment, predicated upon its own lists, without protest or appeal for the reason that is now urged, it may be said to have led the assessors into perpetuating an error which greater care in describing the property in 1926 and 1927 might have averted. For instance, if it had been suggested that the property on the railroad side was bounded by a fence or if measurements were given, the tax map undoubtedly would have been made to conform to such a description and the tax assessors would have been put on notice to investigate. Naturally when no complaint was made as to an assessment preceding 1928 containing general bounds capable of being interpreted as it was by the assessors' office, it must be said that the original fault was with the taxpayer.

In any event, no examination of the tax abstract was made by the plaintiff, and in view of this and the foregoing, as well as the public interest, it does not appear that this is a case factually entitled to the consideration given in *Bridgeport Hydraulic Co. vs. Bridgeport,* 103 Conn. 249, but is more akin to *Pitt vs. Stamford,* 117 Conn. 388.

Judgment for the defendant.